IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NOS. CR F 97-5286-2 LJO |
| Plaintiff, | **ORDER ON DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE** (Doc. 72) |
| vs. | |
| ANTONIO ARJONA, | |
| Defendant. | |

## INTRODUCTION

Defendant Antonio Arjona ("Mr. Arjona") is a federal prisoner and proceeds pro se to seek to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). Having considered Mr. Arjona's section 2255 motion on the record, this Court DENIES the motion.

## BACKGROUND

On July 1, 1998, a jury found Mr. Arjona guilty on four of five charged counts, related to conspiracy to distribute and possess methamphetamine with intent to distribute, possession of methamphetamine with intent to distribute and aiding and abetting; using and carrying a firearm during a drug trafficking offense; and felon in possession of a firearm.

On September 14, 1998, Mr. Arjona was sentenced to 240 months of custody as to Counts One and Two, to be served concurrently, with 120 months supervised release, and 60 months of custody as to Count Four, to be served consecutively to the 240 month sentence imposed for Counts One, Two, and Five. In addition, the court ordered deportation.

Mr. Arjona appealed his conviction and sentence on October 1, 1998. The Ninth Circuit Court of Appeals affirmed his conviction and sentence in an unpublished decision on March 21,2000. *United States v. Arjona*, 213 F.3d 643 (9th Cir. 2000). In the opinion, the Ninth Circuit addressed the issued raised by Mr. Arjona regarding his sentence:

> III. Consideration of Sentencing Factors
> Arjona next argues that the court erred by summarily adopting the presentence report ("PSR") and imposing the statutorily required minimum sentence without expressly considering the sentencing factors outlined in 18 U.S.C. § 3553(a). Since Arjona failed to raise this objection at sentencing, we review for plain error. See United States v. Vences, 169 F.3d 611, 613 (9th Cir.1999).
>
> Because the Guidelines range would have been less than the mandatory minimum sentence under the relevant statutes, the mandatory minimum of 300 months became the guideline sentence. See U.S. Sentencing Guidelines Manual § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.") At sentencing, the court expressly adopted the findings and recommendation of the PSR before imposing the minimum available sentence. See United States v. Brinton, 139 F.3d 718, 723 (9th Cir.1998) (citation omitted) (treating the findings contained in the PSR as the district court's findings). Given that Arjona received the lowest sentence available under the statutes, and the only sentence available within the Guidelines range, 18 U.S.C. § 3553(c) did not require the court to state any further reasons for not sentencing him above the mandatory minimum. Cf. United States v. Lockard, 910 F.2d 542, 545-46 (9th Cir.1990).
>
> V. Safety Valve Provision
> Finally, Arjona contends that the court erred by failing to invoke the "safety valve" provision under 18 U.S.C. § 3553(f). We review this claim for clear error. See United States v. Washman, 128 F.3d 1305, 1307 (9th Cir.1997). Arjona's contention is unavailing because the safety valve provision does not apply to defendants who, like Arjona, have more than one criminal history point and have used a firearm in connection with their offense. FN3 See United States v. Smith, 175 F.3d 1147, 1149 (9th Cir.1999) (holding that safety valve relief was unavailable where it was not " 'clearly improbable that the weapon was connected with the offense" '); United States v. Valencia-Andrade, 72 F.3d 770, 774 (9th Cir.1995) (affirming the denial of safety valve relief where the defendant had more than one criminal history point).FN4
>
> FN3. Because the mandatory minimum sentence was properly imposed, there is no merit to Arjona's related contention that his sentence violates the Eighth Amendment. See United States v. Wilkins, 911 F.2d 337, 339 (9th Cir.1990) (holding that the mandatory sentencing scheme of § 924(c) is constitutional).
>
> FN4. Insofar as Arjona seeks to challenge the factual finding contained in the PSR, he has waived his opportunity to do so because he failed to object to the PSR at the time of sentencing. See United States v. Visman, 919 F.2d 1390, 1393-94 (9th Cir.1990) (declining to address a challenge to the PSR's calculations where the defendant failed to object to the PSR at the time of sentencing).

*Id*. at *1-2.

On July 30, 2010, Mr. Arjona filed this section 2255 motion.  Mr. Arjona argues ineffective assistance of counsel, for failure to object to the imposition of a consecutive sentence under 18 U.S.C. §924(c).

## DISCUSSION

### Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 124, imposed a one-year statute of limitations period on a federal prisoner's collateral attack on his or her federal sentence. *Johnson v. United States*, 544 U.S. 295, 299 (2005).  The applicable statute of limitations is embodied in 28 U.S.C. § 2255(f), which reads:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"Applied in the context of a criminal prosecution, finality is normally defined by the imposition of the sentence." *U.S. v. LaFromboise*, 427 F.3d 680, 683 (9th Cir. 2005) (quoting *Flynt v. Ohio*, 451 U.S. 619, 620 (1981)); *see also, Teague v. Lane*, 489 U.S. 288, 314 n.2 (1989) ("[A] criminal judgment necessarily includes the sentence imposed upon the defendant.").  Mr. Arjona's conviction became final more than one year prior to the filing of the instant motion.  Accordingly, his section 2255 motion is untimely.

Mr. Arjona argues that motion his motion is timely due to an intervening change in the law.  Mr. Arjona relies on the holding of the Sixth Circuit Court of Appeals in *United States v. Almany*, 598 F.3d 238, 241-42 (6th Cir. 2010).  Pursuant to 28 U.S.C. § 2255(f)(3), Mr. Arjona's motion would be timely only if the right asserted was initially recognized by the United States Supreme Court within one year of the motion, and the Supreme Court made that right retroactively applicable to cases on collateral review.  Based on this statute, Mr. Arjona's reliance on *Almany* is misplaced.  The United States Supreme Court has not ruled on this issue (though the Court notes that the Supreme Court has granted

certiori on two consolidated cases to address this issue), the Sixth Circuit opinion is not binding in this Court's circuit, and the opinion does not apply retroactively to Mr. Arjona's sentence.

Moreover, Mr. Arjona provides no basis for equitable tolling. Equitable tolling is available only when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003). Here, there is no evidence that there is intervening case law in this circuit that is applicable to Mr. Arjona. Accordingly, this Court dismisses Mr. Arjona's untimely motion. Because "it plainly appears from the face of the motion...that the movant is not entitled to relief." *U.S. v. Matthews*, 833 F.2d 161, 164 (9th Cir. 1987), this Court "*must* dismiss" Mr. Arjona's section 2255 motion. *Id.* (emphasis in original).

## Ineffective Assistance of Counsel

Even if Mr. Arjona's motion were timely, Mr. Arjona fails to establish ineffective assistance of counsel for failure to object to Court's imposition of consecutive mandatory minimum sentences.

When considering an ineffective assistance of counsel claim, a court must consider two factors. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). The first factor is whether the counsel's performance fell below an objective standard of reasonableness considering all of the circumstances. *Strickland,* 466 U.S. at 687-688, 104 S.Ct. at 2064; *Bloom v. Calderon*, 132 F.3d 1267, 1270 (9th Cir. 1997), *cert. denied*, 494 U.S. 1039, 118 S.Ct. 1856 (1998). A defendant must demonstrate that counsel's performance was deficient and that counsel made errors so serious not to function as "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. A defendant must identify counsel's alleged acts or omissions that were not the result of reasonable, professional judgment considering the circumstances. *Strickland*, 466 U.S. at 690, *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848, 117 S.Ct. 135 (1996). There is a strong presumption that counsel's performance fell within the wide range of professional assistance. *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586 (1986) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065). Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 677-678; 104 S.Ct. at 2063; *Quintero-Barraza*, 78 F.3d at 1348.

The second factor for court consideration is whether the petitioner has proven prejudice affirmatively. *Strickland*, 466 U.S. at 693. Prejudice occurs when "there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a probability sufficient to undermine the confidence in the outcome." *Id*. In addition, the court can find prejudice only when the outcome would have been different without counsel's errors. *See Lockhart*, 506 U.S. at 369-370. A court must also evaluate whether the entire proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. *See Lockhart*, 506 U.S. at 369-370; *Quintero-Barraza*, 78 F.3d at 1345; *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994).

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. *Strickland*, 466 U.S. at 697. Since it is necessary to prove prejudice, any deficiency that does not result in prejudice must necessarily fail.

Mr. Arjona argues that the Court erred to impose a consecutive mandatory minimum sentence when the Court imposed a larger mandatory minimum sentence for a separate offense, and that his counsel was ineffective for failure to object to the imposition of consecutive mandatory minimum sentences. To support his position, Mr. Arjona relies on *United States v. Almany*, 598 F.3d 238, 241-41 (6th Cir. 2010). In *Almany*, the Sixth Circuit ruled that the defendant's consecutive sentencing to both a five-year mandatory minimum sentence for possession of firearm in furtherance of drug trafficking crime and ten-year mandatory minimum sentence for cocaine offense was prohibited under firearm statute's exemption from mandatory minimum for defendant sentenced to another greater mandatory minimum sentence. 18 U.S.C.A. § 924(c)(1)(A); Comprehensive Drug Abuse Prevention and Control Act of 1970, § 401(b)(1)(A), 21 U.S.C.A. § 841(b)(1)(A). That case has no precedential value in this Court, however, and Mr. Arjona cites no binding Ninth Circuit or Supreme Court law that was applicable at the time he was sentenced, or that applies retroactively, that would support his position.

Indeed, the *Almany* ruling is a minority rule of law across the circuits, as the Seventh Circuit explains in *United States v. Boyd*, 608 F.3d 331, 332-333 (7th Cir. 2010):

> Boyd first argues that the ten-year mandatory minimum term that he faced for his section 841(a)(1) drug violation barred the district court from imposing the 60-month consecutive sentence for his section 924(c) firearm offense. Subsection (1)(A) of section 924(c) provides:

5

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
> (i) be sentenced to a term of imprisonment of not less than 5 years;
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.
>
> Subsection (1)(D)(ii) further provides: "Notwithstanding any other provision of law, ... no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment."
>
> Boyd reads the first phrase of subsection (1)(A) to mean that a sentence cannot be imposed for a conviction under section 924(c) in any prosecution where the defendant also faces a higher mandatory minimum sentence on another count of conviction. We rejected this argument in *United States v. Easter*, 553 F.3d 519 (7th Cir.2009), cert. denied sub nom. *McKay v. United States*, --- U.S. ----, 130 S.Ct. 1281, --- L.Ed.2d ---- (2010). We held in Easter that the "except" clause in section 924(c)(1)(A) applies only to minimum sentences for a section 924(c)(1) offense--not to minimum sentences for other counts of conviction. 553 F.3d at 526.
>
> Eight circuits have rejected Boyd's position; only the Second and Sixth Circuits have endorsed it. *See United States v. Whitley*, 529 F.3d 150, 152- 58 (2d Cir.2008); *United States v. Williams*, 558 F.3d 166, 168-75 (2d Cir.2009), *petition for cert. filed*, 78 U.S.L.W. 3254 (U.S. Oct. 20, 2009) (No. 09-466); *United States v. Almany*, 598 F.3d 238, 241-42 (6th Cir.2010). The Supreme Court has granted certiorari in two consolidated cases to settle the issue. *See United States v. Abbott*, 574 F.3d 203 (3d Cir.2009), *cert. granted*, --- U.S. ----, 130 S.Ct. 1284, --- L.Ed.2d ---- (2010); *United States v. Gould*, 329 Fed.Appx. 569 (5th Cir.2009) (nonprecedential decision), *cert. granted*, --- U.S. ----, 130 S.Ct. 1283, --- L.Ed.2d ---- (2010). Boyd asks us to overrule *Easter*, but we believe its reasoning remains sound. We have consistently declined to overrule the decision, and we decline again here. *See United States v. Mitten*, 592 F.3d 767, 779 (7th Cir.2010); *United States v. Haynes*, 582 F.3d 686, 712 (7th Cir.2009); *see also United States v. Scott*, 365 Fed.Appx. 702, 704, 2010 WL 729246, at *2 (7th Cir.2010) (nonprecedential decision). The district court did not err in imposing the prison term in Boyd's sentence.

Accordingly, this Court finds that Mr. Arjona's counsel's failure to object to the Court's imposition of consecutive mandatory minimum sentences did not fall below the standard of objective reasonableness. Therefore, this Court rejects Mr. Arjona's ineffective assistance of counsel claim.

### **Certificate Of Appealability**

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996). A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the correctness to deny defendant collateral relief. *See Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993). Reasonable jurists would not debate that Mr. Arjona is entitled to relief, because his motion is barred by the statute of limitations. Accordingly, a certificate of appealability is improper.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES Mr. Arjona's section 2255 relief and a certificate of appealability. The clerk is directed to close Case No. CV F 10-1362 REC.

IT IS SO ORDERED.

**Dated:   August 10, 2010**              /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE