IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>       v.<br><br>ANTONIO ARJONA,<br><br>                  Defendant. | CASE NO. 1:97-CR-05286 LJO<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2) |

    The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revised the Drug Quantity Table in USSG § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. The Government has opposed the motion on the basis that the defendant is not eligible for a reduction under U.S.S.G. § 1B1.10. The Court hereby denies the motion.

    Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

    However, pursuant to U.S.S.G. Section 1B1.10 (a)(2)(B): "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B). A district court's authority to

modify a sentenced is constrained by the Sentencing Commission. *Dillon v. United States*, 130 S.Ct. 2691 (2010).

In this case, the Court sentenced the defendant to 300 months in prison, the lowest sentence the Court could impose in light of the mandatory minimum of imprisonment of 240 months for the drug convictions (the minimum was doubled due to a prior drug conviction) and 60-month mandatory consecutive sentence for the firearm conviction. While the guideline range for the defendant's crimes was originally 168 months to 210 months, pursuant to Section 5G1.1(c)(2) the sentencing range became the statutory mandatory minimum sentences.

Amendment 782 has not reduced the guideline range applicable in the defendant's case. While the drug quantity table has reduced his base offense level, the defendant was sentenced to the statutory mandatory minimums of 300-months and that term became his guideline range pursuant to U.S.S.G. § 5G1.1(c)(2).[1] Because the defendant's sentencing range was not based on "a sentencing range that has subsequently been lowered by the Sentencing Commission," but rather, was based on the statutory mandatory minimums under Title 21, United States Code, Section 841(b)(1)(A) and Title 18, United States Code, Section 924(c)(1), the defendant is not eligible for a sentencing reduction. *United States v. Paulk*, 569 F.3d 1094 (9th Cir. 2009) (defendant sentenced to statutory mandatory minimum not affected by change in drug tables); *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules).

The defendant's motion pursuant to Section 3582 is hereby denied.

IT IS SO ORDERED.

Dated:   **April 30, 2015**             **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE

---

[1] That section provides that where a statutory mandatory sentence is greater than the applicable guideline range, that statutory mandatory minimum sentence becomes the guideline range.

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE              2